UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:  NILHAN FINANCIAL, LLC          CASE NO. 8:17-BK-3597MGW
_____/

CHITTRANJAN THAKKAR,

     Appellant,

v.                                                      CASE NO. 8:19-cv-1116-T-23

HOLLAND & KNIGHT LLP,

     Defendant.
_____/

**<u>ORDER</u>**

     Chittranjan Thakkar, *pro se*, appeals (Doc. 1) an order in which the bankruptcy judge after a bench trial overruled an objection to Holland & Knight's claim for legal services.  Because the bankruptcy judge's factual findings enjoy substantial evidentiary support and because the bankruptcy judge's credibility determinations merit deference, the order (Doc. 5-2) overruling the objection warrants affirmance.

     In March 2017, Nilhan Financial, LLC, the debtor, petitioned involuntarily for bankruptcy protection under Chapter 7.  In October 2017, Holland & Knight LLP claimed $79,481.85 for legal services rendered both to Nilhan Financial and to Chittranjan Thakkar, the appellant.  In August 2018, the son of Chittranjan Thakkar, Niloy Thakkar, objected to Holland & Knight's claim and asserted (1) that "[o]n

information and belief, at least some of the amount asserted in the Claim represents fees for work that was not authorized to be performed and for some work that was performed despite instruction not to do so" and (2) that the claim "seeks to recover fees from Debtor that were properly attributable to other individuals or entities in the absence of a written agreement . . . ." (Doc. 5-6)  Niloy Thakkar's objection failed to contest the reasonableness of the fee.  In September 2018, Chittranjan Thakkar joined the objection and Niloy Thakkar ceased prosecuting the objection.  Like Niloy Thakkar's objection, Chittranjan Thakkar's joinder failed to contest the reasonableness of the fee.

In April 2019, the bankruptcy court convened a bench trial during which Chittranjan Thakkar and Holland & Knight presented testimony and other evidence about the fee and the scope of the retention agreement.  At the conclusion of the bench trial, the bankruptcy judge summarized his factual findings:

> So, in summary, . . . I believe that the law firm of Holland & Knight has met its burden that this is a debt that should be owed. There was a retention letter, there were monthly statements, there were no complaints by the client, there were payments at first. There was advice that was very candid about the futility of some of the things that the lawyers were being called upon to do. All of that came true. Client stopped paying. Surprise, surprise. That's how it works. I've been there. But it doesn't mean that the fees aren't owed.

(Doc. 9 at 89–92)  Accordingly, the bankruptcy judge overruled the objection in favor of Holland & Knight.  (Doc. 5-2)

Appealing *pro se*, Chittranjan Thakkar argues that the bankruptcy judge erred by overruling the objection.  First, Chittranjan Thakkar argues that the bankruptcy judge clearly erred by finding that Chittranjan Thakkar had failed to object to Holland & Knight's services at the time of performance and by finding that Chittranjan Thakkar had authorized the entirety of the services that Holland & Knight performed.  At trial, however, Chittranjan Thakkar presented no evidence suggesting that he had objected in writing to Holland & Knight's monthly billing statements.  And, although Chittranjan Thakkar testified that he never authorized Holland & Knight to engage in certain settlement negotiations, Brian McDowell, a partner at Holland & Knight and lead counsel for Chittranjan Thakkar and Nilhan Financial, testified that the retention agreement encompassed the settlement negotiations and that Chittranjan Thakkar had never objected to Holland & Knight's engaging in the settlement negotiations.  The bankruptcy judge permissibly credited McDowell's testimony and found that, because "there was a retention letter, there were monthly statements, [and] there were no complaints by the client," Chittranjan Thakkar and Nilhan Financial owed Holland & Knight for the services billed. Substantial evidence supports the bankruptcy judge's finding.

Second, Chittranjan Thakkar argues that Holland & Knight charged an unreasonable fee.  The bankruptcy court, however, held that Chittranjan Thakkar had waived a challenge to reasonableness because neither Niloy Thakkar's objection nor Chittranjan Thakkar's joinder to the objection challenged reasonableness.

Regardless, the bankruptcy judge found that, even if "reasonableness had been raised," "there's really been no testimony or anything to support a lack of reasonableness" and "[t]here's nothing patent on the surface that I could see that's unreasonable." (Doc. 9 at 90–92)  A review of the record confirms (1) that Chittranjan Thakkar waived a challenge to reasonableness by failing to assert the challenge either in the objection to the claim or in the joinder to the claim and (2) that Chittranjan Thakkar failed at trial to present evidence demonstrating the unreasonableness of the fee.

The bankruptcy judge permissibly credited the testimony of Holland & Knight's witnesses, the bankruptcy judge's factual findings enjoy substantial evidentiary support, and Chittranjan Thakkar cites no evidence in the record meaningfully contradicting the bankruptcy judge's factual findings.  The bankruptcy judge's overruling the objection to Holland & Knight's proof of claim was clearly not erroneous.  The bankruptcy court's final order (Doc. 5-2) is **AFFIRMED**.  The clerk must close this case.

ORDERED in Tampa, Florida, on July 22, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE